UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AGNEW WEST III,

    Plaintiff,

vs.                                      CASE NO. 3:01-CV-631-J-25TEM

UNITED STATES OF AMERICA,

    Defendant

## ORDER

Plaintiff Agnew West III has filed a Motion In Limine and Request to Remove Prejudicial References From Court File (Doc. #36), and the Defendant United States of America has filed a Memorandum in Opposition (Doc. #37).

Plaintiff makes several requests in his motion and memorandum, seeking to prevent any mention at trial of (1) a Florida Traffic Crash Report, (2) any statements made to the police officer during the course of his traffic investigation, (3) the fact the officer issued a traffic citation to the Plaintiff, and (4) the results of any traffic court proceeding. Lastly, the Plaintiff asks the Court to either seal or remove from the file several pleadings that refer to the items mentioned above and this Order.

As a matter of first order, the Court will deny the latter request. There is no reason to believe a United States District Court Judge cannot consider a case on its merits without regard to evidentiary rulings he may have made in the case. Unlike a jury, a District Judge is well-trained in the law and fully capable of segregating evidence. In criminal cases, courts frequently deal with suppression and in limine issues, without having to disqualify themselves prior to imposition of sentence, even where they have suppressed evidence at

trial. In civil tort claim cases it is not unusual for judges to rule that evidence is inadmissible, even though they are deciding a case without a jury. To rule otherwise would imply that more than one judge would have to be involved in many cases, bifurcating evidentiary proceedings.

Plaintiff has cited no case or statutory authority requiring this step. Moreover, even if this Court granted the Plaintiff's request, the Defendant could appeal the order to the District Judge, thereby eliminating the effect of such an order. Plaintiff cannot expect the District Judge in charge of a case to have no knowledge of an issue that can be used by the losing party in an appeal to the Eleventh Circuit Court of Appeal.

The Court also will deny at this time Plaintiff's motion insofar as it seeks to prevent mention of the four matters listed above;[1] however, the ruling will be without prejudice to the request being renewed at, or shortly before, trial. Plaintiff may be correct that the matters not be admissible, but the Court is not convinced that the matter has been fully briefed by either side. Each side seems to be in agreement that Florida law applies; however, the Court questions whether the admissibility of evidence should not be governed by the Federal Rules of Evidence.[2] The Eleventh Circuit has held that the admissibility of evidence

---

[1]Defendant apparently concedes that the mere issuance of the citation and the Florida Traffic Crash Report are inadmissible, but wishes to use in some fashion the fact of a conviction for the traffic infraction.

[2]Further, there is some persuasive authority that violation of a traffic regulation in Florida may be used as evidence of negligence. *See Oliver v. Eisenman*, 523 So.2d 189 (Fla. 1st DCA 1988). Florida Standard Jury Instruction 4.11 provides for use of violation of a traffic regulation as evidence of negligence. The instruction states: "Violation of this [statute] [ordinance] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic
(continued...)

is a procedural issue, and therefore is governed by the Federal Rules of Evidence. *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1395 (11th Cir. 1997). Although *Heath* was a diversity case, and the instant case is a federal question case under the Federal Tort Claims Act, state substantive law applies in both types of cases.[3]

Also, the parties have not provided the Court with sufficient information concerning the facts of the traffic court proceeding in which the Plaintiff apparently was convicted of following too closely. Was the Plaintiff represented by counsel? Did he testify? Did any eyewitnesses testify? Were the proceedings recorded so that a transcript is obtainable? Was adjudication withheld?

Therefore, the Motion will be **DENIED**, without prejudice to Plaintiff raising the in limine aspect subsequently.

**DONE AND ORDERED** at Jacksonville, Florida this _1st_ day of November, 2002.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
All Counsel of Record
Pro Se Parties, if any

---

[2](...continued)
regulation, you may consider the fact, together with the other facts and circumstances, in determining whether such person was negligent." FLORIDA STANDARD JURY INSTRUCTIONS, 4th Ed. (2002) (published by the Florida Bar Association).

[3] Florida evidence law concerning relevance and prejudice is essentially the same as the Federal Rules of Evidence. *Piamba Cortes v. American Airlines, Inc.*, 177 F.3d 1272, 1306, fn. 28 (11th Cir. 1999).

Date Printed: 11/04/2002

Notice sent to:

   ___  Lester Makofka, Esq.
        Makofka & Makofka
        24 N. Market St.
        Suite 402
        Jacksonville, FL  32202

   ___  Alfred J. Zwettler, Esq.
        U.S. Postal Service
        Office of Field Legal Services
        3980 Dekalb Technology Parkway
        Suite 840
        Atlanta, GA  30340-2778

   ___  Ronnie S. Carter, Esq.
        U.S. Attorney's Office
        Middle District of Florida
        200 W. Forsyth St., Suite 700
        P.O. Box 600
        Jacksonville, FL  32201

   ___  Robert L. Cowles
        Wood, Atter & Associates, P.A.
        333-1 E. Monroe St.
        Jacksonville, FL  32202